UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Hon. Mary L. Cooper, U.S.D.J. |
| Plaintiff, | ) | Criminal No. 04-373 (MLC) |
| v. | ) | |
| STOP HUNTINGTON ANIMAL CRUELTY USA, INC., | ) | |
| KEVIN KJONAAS, a/k/a "Kevin Jonas", a/k/a "Steve Shore", a/k/a "Jim Fareer," | ) | NOTICE OF MOTION |
| LAUREN GAZZOLA, a/k/a "Angela Jackson," a/k/a "Danielle Matthews", | ) | |
| JACOB CONROY, | ) | |
| JOSHUA HARPER, ANDREW STEPANIAN, | ) | |
| DARIUS FULLMER, and JOHN MCGEE | ) | |
| Defendant. | | |

_____

TO:  Honorable Mary L. Cooper         Charles McKenna, AUSA
     United States District Court      Ricardo Solano, AUSA
     402 East State Street             970 Broad Street
     Room 5000                         Suite 700
     Trenton, New Jersey 08608         Newark, New Jersey 07102

     All Defense Counsel on attached list

     PLEASE TAKE NOTICE the defendant, John McGee, through his attorney

Joshua Markowitz move on the 4th day of March, 2005 before the Honorable Mary L.

Cooper to have the indictment dismissed as it pertains to John McGee based upon the

government's failure to set forth a cause of action as it applies to John McGee under the statute alleged.

This motion is being made based upon the attached Memorandum of Law as well as the Statement of Facts and Procedural History submitted by John McGee in a Motion previously submitted to the court.

Mr. McGee further relies upon all the attachments previously submitted to the court by all co-counsel and the present indictment.


                                                /s/Joshua Markowitz
                                                Joshua Markowitz
                                                Attorney for John McGee

Dated: 1/28/05

## DEFENSE COUNSEL LIST

Andrew F. Erba, Esquire
Woodlands Falls Corporate Center
210 Lake Drive East
Suite 101
Cherry Hill, New Jersey 08002-1163
*Attorney for SHAC*

Isabel McGinty, Esquire
162 Broad Street
Hightstown, New Jersey 08520
*Attorney for Kevin Kjonaas*

Hal Haveson, Esquire
194 Nassau Street
Princeton, New Jersey 08542
*Attorney for Jacob Conroy*

James R. Murphy, Esquire
947 State Road
Suite 205
Princeton, New Jersey 08540
*Attorney for Joshua Harper*

Jerome A. Ballarotto, Esquire
143 White Horse Avenue
Trenton, New Jersey 08610
*Attorney for Andrew Stepanian*

Robert A. Obler, Esquire
143 White Horse Avenue
Trenton, New Jersey 08610
*Attorney for Darius Fullmer*

Joshua Markowitz, Esquire
Markowitz Gravelle, LLP
3131 Princeton Pike
Lawrenceville, New Jersey 08648
*Attorney for John McGee*

H. Louis Sirkin, Esquire
Sirkin, Pinales & Schwartz, LLP
105 West Fourth Street
Suite 920
Cincinnati, Ohio 45202
*Attorney for Lauren Gazzola*

## CERTIFICATION AS TO FILING AND SERVICE

I hereby certify that the original of the within Notice of Motion and Brief have been filed electronically with the Clerk of the United States District Court. A copy has been served upon The Honorable Mary L. Cooper, United States District Judge additionally to her chambers by mail. An additional copy has also been forwarded to Charles McKenna, Assistant United States Attorney and Roland Solano, Assistant United States Attorney.

          /s/Regina T. Price
          Regina T. Price
          Paralegal

Dated: 1/28/05

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CRIMINAL NO. 04-373 (MLC)

UNITED STATE OF AMERICA,

        Plaintiff,

v.

SHAC, et als.

        Defendants.

---

MEMORANDUM IN SUPPORT OF MOTION

---

                                                    On the Memorandum
                                                    Joshua Markowitz, Esquire

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

For purposes of the present Motion to Dismiss Indictment, the defendant, John McGee ("McGee"), will rely on the Procedural History and Statement of Facts as set forth by co-counsel, Isabel McGinty, on behalf of defendant, Kevin Kjonaas.  The Procedural History and Statement of Facts provided by Ms. McGinty clearly and concisely set forth all pertinent and relevant information pertaining to McGee and the present motion.  It is also worth noting that pursuant to a letter to this Court dated January 26, 2005, defendant, McGee, joins in the arguments made by co-counsel in their motions for dismissal of the Indictment.

For the reasons set forth below, defendant McGee, respectfully requests that this Court dismiss the indictment against him pursuant to Fed.R.Crim.P. 12(b).

**LEGAL ARGUMENT**

**I.   COUNT I OF THE INDICTMENT MUST BE DISMISSED AS IT RELATES TO MCGEE BECAUSE IT DOES NOT SET FORTH A CHARGE UNDER WHICH MCGEE COULD BE HELD CRIMINALLY ACCOUNTABLE.**

While the Government's Superceding Indictment, attached hereto as Exhibit "A," includes six separate counts, defendant McGee is charged only under Count One.  The relevant language from Count One of the indictment charging McGee is as follows:

> 2.  From at least as early as October, 2001, through February, 2004, at Somerset in the District of New Jersey, and elsewhere, defendants
>
> STOP HUNTINGDON AMIMAL CRUELTY, USA INC., KEVIN
> KJONAS, a/k/a "Kevin Jonas," a/k/a "Steve Shore," a/k/a "Steve Shore,"
> a/k/a "Jim Fareer,"
> LAUREN GAZZOLA,
> a/k/a "Angela Jackson," a/k/a "Danielle Matthews,"
> JACOB CONROY
> JOSHUA HARPER
> ANDREW STEPANIAN

DARIUS FULMER, AND<br>JOHN MCGEE

>  <u>did knowingly and willfully combine, conspire and agree with one another</u> and others to use a facility in interstate commerce for the purpose of causing physical disruption to the functioning of HLS, an animal enterprise, and intentionally damage and cause the loss of property used by HLS, in an amount exceeding $10,000.
>
>  [<u>See</u> Ex. A at p. 5, par. 2; emphasis added]

The inclusion of McGee in aforementioned conspiracy theory set forth in Count One of the Indictment appears to be based on the following two paragraphs therein:

>  Defendant JOHN MCGEE was affiliated with SHAC and resided in New Jersey.
>
>  [<u>See</u> Ex. A at p. 4, par. i]
>
>  On or about May 20, 2001, defendant JOHN MCGEE and another slashed the tires of the car of DD, an HLS employee, and spray painted on his house.
>
>  [<u>See</u> Ex. A at p. 12, par. 23]

McGee asserts that the aforementioned language of the Indictment falls far short of meeting the elements required to satisfy 18 <u>U.S.C.</u> § 43, the statute under which he is charged. 18 <u>U.S.C.</u> § 43 is entitled "Animal Enterprise Terrorism," and states in pertinent part:

>  (a) Offense. Whoever--
>    (1) travels in interstate or foreign commerce, or uses or causes to be used the mail or any facility in interstate or foreign commerce for the purpose of causing physical disruption to the functioning of an animal enterprise; and
>    (2) intentionally damages or causes the loss of any property (including animals or records) used by the animal enterprise, or conspires to do so,
>
>  shall be punished as provided for in subsection (b).

Simply stated, the allegations set forth in the Indictment are facially insufficient and simply do not set forth a cause of action under 18 <u>U.S.C.</u> § 43. "'[F]or purposes of Rule

12(b)(2), a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" U.S. v. Alsugair, 256 F.Supp.2d 306, 310 (D.N.J. 2003), quoting, U.S. v. Panarella, 277 F.3d 678, 685 (3rd Cir. 2002). Further, it is well accepted that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." See Fed.R.Crim.P. 7(c)(1). Moreover, "[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. U.S., 418 U.S. 87, 117-118, 98 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974). In the present case, the Indictment neither contains a plain, concise and definite written statement of the facts constituting the alleged offense, nor does it allege the necessary elements of the offense charged under 18 U.S.C. § 43.

There is nothing in the Indictment that alleges that McGee "traveled in interstate or foreign commerce, or use[d] or cause[d] to be used the mail or any facility in interstate or foreign commerce," required elements under the first clause of 18 U.S.C. § 43(a)(1). The Government apparently attempts to satisfy this portion of the statute by linking McGee and the other defendants to SHAC through SHAC's Website. However, while the Indictment alleges that "[t]he activities SHAC and the SHAC Website were chosen and coordinated at various times" by other defendants, no such allegation is made with regard to McGee. See Ex. A, p. 3, par. b. In fact, there is absolutely nothing, not a single allegation of fact, in the entire Indictment that in any manner whatsoever connects any act alleged to have been committed by McGee with SHAC or any activity conducted by SHAC. The Indictment merely alleges that McGee "was affiliated with SHAC:" nothing more. Such an unsupported allegation clearly fails to rise to the level of a

"plain, concise and definite written statement of the essential facts constituting the offense charged" as required under Fed.R.Crim.P. 7(c)(1).

The second clause of 18 U.S.C. § 43(a)(1) requires "physical disruption to the functioning of an animal enterprise." Once again, there is nothing in the entire Indictment that alleges any fact that would implicate McGee under this section. The Indictment names only one entity that constitutes an "animal enterprise" under 18 U.S.C. § 43, that being Huntingdon Life Sciences ("HLS"). See Ex. A at p.2, par. a. "Animal enterprise" is defined by 18 U.S.C. § 43(d)(1) as follows:

 (A) a commercial or academic enterprise that uses animals for food or fiber
     production, agriculture, research, or testing;
 (B) a zoo, aquarium, circus, rodeo, or lawful competitive animal event; or
 (C) any fair or similar event intended to advance agricultural arts and sciences; …

The Indictment alleges no facts whatsoever to demonstrate that McGee committed any illegal act against or caused any "physical disruption to the functioning" of HLS, the only "animal enterprise" included in the Government's Indictment. The Indictment alleges only that McGee slashed the tires and spray painted the house of an HLS employee, who has neither been alleged to be an "animal enterprise" in the Indictment, nor constitutes an "animal enterprise" under the plain language of 18 U.S.C. § 43. Moreover, 18 U.S.C. § 43(b) requires that an individual "intentionally [damage] or [cause] the loss of . . . property (including animals or records) used by the animal enterprise, or conspires to do so, . . . ." There are simply no facts set forth in the Indictment alleging that McGee caused the loss of property "used by the animal enterprise."

Further, as noted previously, Count One of the Government's Indictment is based entirely on the allegation that the defendants knowingly and willfully combined, conspired and agreed with one another and others to violate the provisions of both 18 U.S.C. § 43(b)(1) and (2). See Ex. A at p. 5, par. 2. It must be noted that while 18 U.S.C. § 43(b)(2) allows for conspiratorial

liability, 18 U.S.C. § 43(b)(1) does not.  Because the charge against McGee and the other defendants alleges a conspiracy to violate both (b)(1) and (2), it is clearly at odds with the plain language of the statute.  Moreover, as discussed there is nothing whatsoever in the Indictment that connects McGee to SHAC, any SHAC activities, or to any of the other defendants.  There is simply no allegation in the Indictment sufficient to support a charge of conspiracy by McGee or, for that matter, any other defendant.  Neither does the Government's allegation that McGee <u>and another</u> slashed the tires and spray-painted the house of an HLS employee assist its position. As discussed previously, an employee of HLS does not constitute an "animal enterprise" for purposes of 18 U.S.C. § 43. Additionally, the mere allegation that another individual participated in McGee's alleged action is clearly insufficient to support a an allegation of conspiracy.  **"To establish a conspiracy, the government must show: (1) a unity of purpose between two or more persons; (2) an intent to achieve a common goal; and (3) an agreement to work together."** <u>United States v. Helbling</u>, 209 F.3d 226, 238 (3d Cir. 2000), <u>cert. denied</u> , 531 U.S. 1100, 121 S.Ct. 833, 148 L.Ed.2d 715 (2001), <u>citing</u> <u>United States v. Carr</u>, 25 F.3d 1194, 1201 (3d Cir. 1994).  The Indictment does not even name the other individual supposedly involved in the alleged tire slashing and spray-painting incident, much less allege a unity of purpose, intent to achieve a common goal and an agreement to work together with that individual.

Moreover, the activities alleged to have been committed by McGee <u>and another</u>, according to the Indictment, occurred on May 30, 2001, which is prior to the time the Government alleges that the conspiracy took place: October 2001 through February 2004.  <u>See</u> Ex. A, p. 5, par. 2.  Thus, such alleged activities clearly could not have been part of the conspiracy alleged by the Government.

**CONCLUSION**

For on the reasons set forth, Count One of the Government's Indictment is facially insufficient in that it does not set forth the necessary elements under 18 U.S.C. § 43 to support a charge under which McGee could be held criminally accountable. Accordingly, defendant, McGee, respectfully requests that this Court dismiss the Government's Indictment against him.

**MARKOWITZ, GRAVELLE, LLP**

By: /s/Joshua Markowitz
     Joshua Markowitz

DATED: January 28, 2005