Isabel McGinty, Esq. (IM-8891)
162 Broad Street
Hightstown, NJ 08520
(609) 443-0650
Attorney for Defendant Kevin Kjonaas

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X
: 
UNITED STATES OF AMERICA,  : Honorable Mary L. Cooper, U.S.D.J.
:
Plaintiff, : CRIMINAL NO. 04-373
:
v. :
: NOTICE OF MOTIONS
STOP HUNTINGDON ANIMAL : *IN LIMINE*
CRUELTY USA, INC., :
KEVIN KJONAAS, a/k/a :
"Kevin Jonas," a/k/a "Steve :
Shore," a/k/a/ "Jim Fareer," :
LAUREN GAZZOLA, :
a/k/a "Angela Jackson," a/k/a :
"Danielle Matthews," :
JACOB CONROY, :
JOSHUA HARPER, :
ANDREW STEPANIAN, :
DARIUS FULLMER, and :
JOHN MCGEE, :
:
Defendants. :
---------------------------------------------------------X

To: Clerk of the Court
United States District Court, D.N.J.
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 E. State Street, 5th Floor
Trenton, NJ 08608

Assistant United States Attorney Charles B. McKenna
U.S. Attorney's Office
970 Broad Street, Room 700
Newark, NJ 07102

1

Assistant United States Attorney Ricardo Solano
U.S. Attorney's Office
970 Broad Street, Room 700
Newark, NJ 07102

PLEASE TAKE NOTICE that, on the date and time set by the Court, counsel for Defendant Kevin Kjonaas shall move before the Honorable Mary L. Cooper, U.S.D.J., at the United States Court House, at 402 E. State Street, 5th Floor, Trenton, NJ 08608, for an Order granting the following relief:

1. This Court should stay the filing date of the *in limine* motions until the Government properly produces its exhibit list in the standard format, and provides to defense counsel copies of the exhibits which have not been turned over to date.

2. This Court should allow the parties an additional month after the Government's disclosure of its exhibit list and exhibits, in order properly to allow the parties to address the issues now raised by counsel before the Court, in particular where the late production of discovery by the Government, and the procedures effected by the Government for that disclosure, have taken their toll on defense counsel's ability to address by written motion all of the issues that should properly be briefed for the Court before the commencement of trial.

3. This Court should compel the Government to take the steps necessary to have the Title III tapes and computer materials, and all items sealed pursuant to Title III procedures in this matter, transferred from the District of Minnesota to this jurisdiction to enable the defense to review the original tapes, where the defense has identified reasons to question the accuracy and quality of the copies provided, and the Government has been slow to provide the relevant discovery to the defense.

4. This Court should stay the start of trial until the parties will first have addressed, and the Court will have resolved, the legal issues relating to the jury charge, with the jury charge prepared, reviewed and finalized, since the language of Count One as set forth in the indictment does not track the text of the statute, 18 U.S.C. § 43(a), and there are no available model charges for that statute, in any event.

5. Because the Government, in the weeks following the filing of the defense suppression briefs, and the hearing on the Title III issues, has been turning over discovery which the defense had specifically requested but had not been provided in time for the round of suppression motions, this Court

should allow the defense additional time now to review in detail the hundreds of pages of late-produced discovery relevant to the Title III issues, because the defense does not have sufficient time at present to dedicate to these issues, and it has been sandbagged by the Government as to a good-sized chunk of the Title III discovery.

6. With regard to the statutory basis for Count One, 18 U.S.C. § 43, this Court should order that the statute should be referred to by U.S.C. citation only. If a name is to be attributed to the statute, it should be referred to as the Animal Enterprise Protection Act (or the AEPA), and never at trial as the Animal Enterprise Terrorism Act (or the AETA).

7. This Court should bar any reference to any of the statutes at issue in this prosecution as terrorism-related.

8. This Court should bar any characterization of the defendants as domestic terrorists, or terrorists generally, or as engaged in terrorist, terroristic, or terrorizing tactics.

9. This Court should bar any characterization of any conspirators -- identified or unidentified, named or unnamed -- as domestic terrorists, or terrorists generally, or as engaged in terrorist, terroristic, or terrorizing tactics.

10. This Court should bar any characterization of animal rights activists or environmental activists as domestic terrorists, or terrorists generally, or as engaged in terrorist, terroristic, or terrorizing tactics.

11. This Court should bar any characterization of the defendants as allied or associated with any terrorist tactics or causes.

12. This Court should bar any characterization of any conspirators -- identified or unidentified, named or unnamed -- as allied or associated with any terrorist tactics or causes.

13. This Court should bar any characterization of animal rights activists or environmental activists as allied or associated with any terrorist tactics or causes.

14. This Court should excise from the superseding indictment the surplus language which is not directly related to the offense at issue in each of the counts.

15. This Court should hold an evidentiary hearing prior to the start of trial to determine and to fix the limits that the Government may seek to introduce as to the conspiracy alleged against the defendants.

16. This Court should hold an evidentiary hearing prior to the start of trial to establish what is the "animal enterprise" at issue in Count One, and what is

the "economic damage" within the scope of 18 U.S.C. § 43 that Government intends to prove that the "animal enterprise" endured as the result of the defendant(s) acts.

17. This Court should hold an evidentiary hearing to address the actions or statements on the part of the conspirators that the Government will allege to have been in the course of and in furtherance of the conspiracy.

18. This Court should preclude any testimony or evidence concerning any civil litigations which may have involved any defendant or any alleged conspirator.

19. This Court should preclude any testimony or evidence concerning any criminal prosecutions or charges filed or summonses issued which may have involved any defendant or any alleged conspirator.

20. This Court should preclude any testimony or evidence concerning any suits by any defendant or any alleged conspirator against the Government, or HLS, or any business related to HLS.

21. This Court should preclude any testimony or evidence concerning any arrests at any demonstrations or animal rights events of any person alleged by the Government to be an unindicted coconspirator.

22. This Court should preclude any testimony or evidence concerning any form of support or publicity given by SHAC or any defendant to any arrested or incarcerated animal rights or environmental activists.

23. This Court should preclude any testimony or evidence concerning SHAC's or any defendant's having published or broadcast the mailing address of any incarcerated or detained animal rights or environmental activists.

24. This Court should preclude any testimony or evidence concerning any information posted on the internet or any e-mail attributed to SHAC or the defendants or any conspirators or the conspiracy generally, unless the Court shall first have conducted a hearing on the authentication of such information, and determined it admissible as evidence.

25. This Court should compel pretrial disclosure of the technology and equipment to be used at trial by the Government, and require that access to the same technology and equipment be shared with the defense.

In support of the Motion, Defendant Kjonaas will rely on the letter-brief submitted in support of this Notice, and on argument of counsel at the hearing on the motion.

Respectfully submitted,

/s/
ISABEL McGINTY, P.C.
162 Broad Street
Hightstown, NJ 08520
(609) 443-0650
*Attorney for Defendant Kevin Kjonaas*

Dated: May 3, 2005