AO 245 B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

RECEIVED
OCT - 3 2006
AT 8:30 _____M
WILLIAM T. WALSH
CLERK

UNITED STATES OF AMERICA

v.

KEVIN KJONAAS

Defendant.

Case Number   04-373-02 (AET)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, KEVIN KJONAAS, is represented by Robert Stahl, Esquire.

The defendant was found guilty on Counts 1s, 2s, 3s, 4s, 5s, 6s by a jury verdict on 3/2/06 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:43 | Animal Enterprise Protection Act | 10/01 - 2/04 | 1s |
| 18:371 | Conspiracy to Engage in Interstate Stalking | 3/01 - 12/02 | 2s |
| 18:2261A | Interstate Stalking | 3/02 - 12/02 | 3s, 4s, 5s |
| 47:223(a)(1)(C) | Conspiracy to Utilize a Telecommunications Device to Annoy, Abuse, Threaten and Harass | 10/01 - 2/04 | 6s |

As pronounced on 09/12/06, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $600., for Counts 1s, 2s, 3s, 4s, 5s, 6s, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 2nd day of October, 2006.

ANNE E. THOMPSON
Senior United States District Judge

Defendant: KEVIN KJONAAS
Case Number: 04-373-02(AET)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 72 Months; 36 Months on Count 1s, 60 Months on Counts 2s, 3s, 4s, 5s to run concurrent with Count 1s and 12 Months on Count 6s to run consecutive to Counts 2s, 3s, 4s, and 5s.

The Court makes the following recommendations to the Bureau of Prisons:

1. Recommend a facility near defendant's residence in Minnesota as designated institution - Duluth, Waseca, Sandstone, Oxford or Sheridan.

2. Request that defendant be provided with a vegan diet while incarcerated.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons 30 days after sentencing.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 12/03) Sheet 3 - Supervised Release

Judgment – Page 3 of 5

Defendant: KEVIN KJONAAS
Case Number: 04-373-02(AET)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on each of Counts 1s, 2s, 3s, 4s, 5s and 6s to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall submit to an initial inspection by the probation office, and to any unannounced examinations during supervision, of the defendant's computer equipment. The defendant shall allow the installation on the defendant's computer of any hardware or software systems which monitor computer use. The defendant shall abide by the standard conditions of computer monitoring that have been adopted by this court.

Defendant: KEVIN KJONAAS
Case Number: 04-373-02(AET)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____  _____
Defendant                                  Date

_____  _____
U.S. Probation Officer/Designated Witness   Date

Defendant: KEVIN KJONAAS
Case Number: 04-373-02(AET)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution jointly and severally with all defendants to the following Corporation in the following amount:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| Huntingdon Life Sciences | $1,000,001. |

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victim.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.